# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROBERT ALDERSON,
ADC #109962                                                                                           PLAINTIFF

V.                           5:15CV00257 BSM/JTR

WENDY KELLEY, Director of the ADC; and
JAMES GIBSON, Warden of the Delta Regional Unit                       DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge Brian S. Miller. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff, Robert Alderson ("Alderson"), is a prisoner in the Delta Regional Unit of the Arkansas Department of Correction ("ADC").  He has filed this *pro se* action alleging that Defendants ADC Director Wendy Kelley and Warden James Gibson ("Defendants") violated his constitutional right to freely exercise his religion by refusing to allow him to have a beard.[1] *Doc. 2.*

Defendants have filed a Motion to Dismiss and a Brief in Support arguing that this case should be dismissed, with prejudice, due to a lack of subject matter jurisdiction.[2] *Docs. 25 & 26.*  Alderson has filed a Response to the Motion to Dismiss, as well as two Motions seeking permission to amend his Complaint.  *Docs. 29, 30, & 32.*  Defendants have filed a Response objecting to Alderson's requests to amend his Complaint.  *Doc. 31.*

Before addressing the merits of the pending Motions, the Court will summarize the relevant facts, which are *undisputed*.

---

[1] Plaintiff brings his free exercise claim under the Civil Rights Act, 42 U.S.C. § 1983, and the Religious Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C. § 2000cc.

[2] "Questions of mootness are matters of subject matter jurisdiction" that may be raised in motion to dismiss filed under Fed. R. Civ. P.12(b)(1). *Charleston Hous. Auth. v. U.S. Dept. of Agric.*, 419 F3.d 729, 739 (8th Cir. 2005).  A "district court has authority to consider matters outside of the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1)" and  doing so "does not . . . covert the Rule 12(b)(1) motion to one for summary judgment." *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 638 n. 4 (8th Cir. 2003).

1.  In February of 2015, ADC's grooming policy prohibited prisoners from having beards unless they demonstrated to the ADC's Grooming Accommodation Committee that shaving their facial hair "substantially burdened a sincerely held religious belief." *Doc. 2 at 9*.

2.  On February 27, 2015, Alderson filed a request with the ADC's Grooming Accommodation Committee to have a beard, which he claimed was a requirement of his sincerely held religious beliefs. *Id. at 3*.

3.  On April 24, 2015, Alderson's request was denied without an explanation. *Id. at 11*.

4.  On August 7, 2015, Alderson filed this lawsuit alleging that Defendants violated his First Amendment rights, as protected by § 1983 and RLUIPA, when they denied his request to have a beard for religions reasons. Alderson's Complaint, which seeks injunctive relief and not monetary damages, does not clarify whether he is suing Defendants in their official and/or individual capacities. *Doc. 2*.

5.  On January 14, 2016, the ADC changed is grooming policy to allow *all prisoners* the right to have a beard, without obtaining prior approval and regardless of the prisoner's religious preferences. Thus, Alderson can now have a beard. *Doc. 25, Ex. A & B*.

## II. Discussion

Defendants argue that this Court no longer has subject matter jurisdiction because Alderson's request for injunctive relief is moot.

It is well settled that a prisoner's request for injunctive relief is moot when he is no longer subject to the allegedly unconstitutional conditions raised in his complaint. *See Zajrael v. Harmon*, 677 F.3d 353, 354 (8th Cir. 2012); *Owens v. Isaac,* 487 F.3d 561, 564 (8th Cir. 2007). Specifically, in *Zajrael*, the Eighth Circuit dismissed a prisoner's § 1983 and RLUIPA claims, as moot, when he was no longer subjected to the allegedly unconstitutional restrictions on his ability to practice his personal religious beliefs. *Zajrael*, 677 at 354.

Here, it is *undisputed* that the ADC no longer prohibits Alderson from having a beard. Thus, his claim that Defendants are prohibiting him from exercising his personal religious beliefs is now moot. The Court also finds that the exception to the mootness doctrine for claims capable of repetition yet evading review is inapplicable because there is no evidence that the ADC is likely to revoke its policy of allowing all prisoners to have beards. Because Alderson's request for injunctive relief is now moot, the Court no longer has subject matter jurisdiction to hear his § 1983 and RLUIPA claims. Thus, Alderson's Complaint should be dismissed, with prejudice.

Alderson has attempted to avoid this result by filing two Motions seeking

permission to amend his Complaint to include a request for monetary damages and costs. *Docs. 29 & 30.* As previously noted, Alderson's Complaint is silent as to the capacity in which he is suing Defendants. In such circumstances, a court must presume that the plaintiff is suing the defendants in their official capacities only. *Zajrael,* 677 F.3d at 355; *Baker v. Chisom,* 501 F.3d 920, 923-24 (8th Cir. 2007). The doctrine of sovereign immunity prohibits Alderson from obtaining monetary awards against Defendants in their official capacities under either § 1983 or RLUIPA. *Sossamon v. Texas,* 563 U.S. 277, 293 (2011); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989); *Zajrael*, 677 F.3d at 355.

Thus, the Court recommends that Alderson's Motions to amend his Complaint to add a request for monetary damages be denied, as futile, and that this case be dismissed, with prejudice, due to a lack of subject matter jurisdiction. *See Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (explaining that a court may deny a prisoner's motion to amend the complaint when such amendment would be futile); *Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003) (same).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Alderson's Motions to Amend the Complaint *(Docs. 29 & 30)* be DENIED.

2.    Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction *(Doc. 25)* be GRANTED, and this case be DISMISSED, WITH PREJUDICE.

Dated this 28th day of October, 2016.

                                                  */s/ J. Thomas Ray*
                                   UNITED STATES MAGISTRATE JUDGE